IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:11-cr-098
                                                 Also 3:20-cv-255

                                                 District Judge Timothy S. Black
- vs -                                     Magistrate Judge Michael R. Merz

EDWARD AUSTIN,

        Defendant.     :

## REPORT AND RECOMMENDATIONS

    This criminal case is before the Court on Petitioner's Motion to Vacate his conviction under 28 U.S.C. § 2255 (ECF No. 26).

    As ordered, the United States has now filed an Answer in which it concedes that Austin is entitled to relief (ECF No. 28). The United States Attorney notes that the Motion is timely because filed within one year of the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

    On his plea of guilty, Austin was convicted of a Hobbs Act conspiracy (Count 1), possession of a firearm in furtherance of a crime of violence, with Count 1 being the predicate offense (Count 2), and carjacking (Count 3). The Court sentenced Austin to seventy months each on Counts 1 and 3, to be served concurrently, and sixty months on Count 2, consecutive to the seventy-month terms and also consecutive to Austin's state court sentence. Austin's state court sentence will expire June 5, 2024, and he then will enter federal custody.

1

Published Sixth Circuit precedent holds that *Davis* is applicable to cases on collateral review, *In re Franklin,* 950 F.3d 909 (6th Cir. 2020), and that Hobbs Act conspiracy no longer qualifies as a predicate offense for a conviction under 18 U.S.C. § 924(c), *United States v. Ledbetter*, 929 F.3d 338, 360-61 (6th Cir. 2019). Acknowledging that precedent, the United States agrees that Austin's conviction on Count 2 should be vacated (Answer, ECF No. 28, PageID 91).

The United States notes that Wood does not seek a specific remedy in his Motion. *Id.* Simply vacating the conviction on Count 2 or vacating and then resentencing are available to the Court. While vacating Count 2 would probably lead to a higher guideline range on Count 1, the United States does not seek that remedy here. Instead, it defers to either of these two remedies that Austin seeks.

In the interest of judicial economy, the Magistrate Judge recommends the more lenient alternative of vacating the judgment on Count 2 and filing an amended judgment.

August 2, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.